IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA MICHAEL SANDERS,

    **Plaintiff,**

v.

ANDREW M. SAUL, COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

    **Defendant.**

Case No. 2:19-cv-2555-HLT

**MEMORANDUM AND ORDER**

Plaintiff Joshua Michael Sanders brings this action against Defendant Andrew M. Saul, Commissioner of the Social Security Administration, under Title II of the Social Security Act ("Act"), 42 U.S.C. § 405(g), claiming a period of disability and disability insurance benefits, and under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq., requesting supplemental security income benefits. The Commissioner purportedly made a full award of benefits to Plaintiff, but he did not retroactively award those benefits as far back as Plaintiff wanted. Plaintiff therefore filed this case, asking the Court to review the Commissioner's decision.

Defendant moves to dismiss the case for lack of subject matter jurisdiction. Doc. 16. Plaintiff responded to Defendant's motion, but also filed a motion to amend his complaint. Doc. 24. The Court determines that amendment of the complaint would be futile under the circumstances of this case. Plaintiff's motion to amend is denied and the motion to dismiss, as applied to the original complaint, is granted.

**I.    BACKGROUND**

Plaintiff was in a motorcycle accident in 2002 and suffered severe injury. At the time, he was a minor. On Plaintiff's behalf, his mother filed applications in 2003 for Title XVI

Supplemental Security Income ("SSI") and Title II disability benefits ("DIB"). Both applications were denied in 2004—the SSI application because Plaintiff had "resources worth more than $2,000," and the DIB application because Plaintiff had not worked long enough to be insured. Plaintiff did not appeal these denials.

Plaintiff's mother served as his non-attorney representative during the 2003 application process. The denial letters were addressed to her, but Plaintiff opened them and told her that he had been denied benefits. His mother did not review the letters herself. Plaintiff and his mother both claim that they did not realize Plaintiff had a right to an attorney, or how to proceed if they disagreed with the decision. Plaintiff was mentally disabled, but there is no evidence or claim that his mother lacked the mental capacity to represent him.

In 2016, Plaintiff (no longer a minor) filed new applications for SSI and DIB benefits. He requested benefits beginning in 2002, but the Administrative Law Judge ("ALJ") only found Plaintiff disabled beginning in March 2010. The Appeals Council denied Plaintiff's request for review.

## II.   STANDARDS

### A.   Motion to Amend

Under Rule 15(a)(2), where there is no absolute right to amend, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a)(2) mandates that the court "freely give leave when justice so requires," leave may nonetheless be denied where the proposed amendment is "futile"—that is, where the amended complaint would be subject to dismissal. *Stewart v. Bd. of Comm'rs for Shawnee Cty., Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003); Fed. R. Civ. P. 15(a)(2). The party

opposing amendment bears the burden of establishing the proposed amendment's futility. *Boykin v. CFS Enter., Inc.*, 2008 WL 4534400, at *3 (D. Kan. 2008).

"The court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted." *Stewart*, 216 F.R.D. at 664. As such, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss. *Id*. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Motions to dismiss for lack of jurisdiction under Rule 12(b)(1) can generally take two forms: a facial attack or a factual attack. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In that situation, the allegations in the complaint are accepted as true. *Id*.

A factual attack—which Defendant makes here—looks beyond the operative complaint to the facts on which subject-matter jurisdiction depends. *Id*. at 1003. In that case, a court does not presume the truthfulness of any factual allegations. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*. But considering outside evidence does not convert the motion to one for summary judgment. *Id*. The motion must be converted, however, if "the jurisdictional

3

question is intertwined with the merits of the case." *Id*. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id*.

### III.   ANALYSIS

#### A.   Motion to Amend

The Court first addresses Plaintiff's motion to amend, as it determines the operative complaint the Court will review. Defendant argues that amendment is futile because the Court lacks jurisdiction over Plaintiff's appeal, regardless of which complaint is operative. The Court therefore reviews the proposed amended complaint under the same standards as those for a motion to dismiss.

The federal government (including its agencies) enjoys sovereign immunity from suit except where it consents or waives such immunity. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The federal government has waived its sovereign immunity to suit for judicial review of final decisions—but only final decisions—of the Commissioner of Social Security. 42 U.S.C. §§ 405(g)-(h). Defendant argues that it retains its sovereign immunity to this suit because there is no "final decision" for this Court to review.

Regulations provide guidance on what constitutes a "final decision." After a plaintiff moves through the administrative exhaustion process and receives a decision from the Appeals Council, the Commissioner has rendered a "final decision" on the plaintiff's claim. 20 C.F.R. §§ 404.900(a)(5), 404.981, 416.1400(a)(5), 416.1481, 422.210. But the Commissioner's decision "not to reopen a previously adjudicated claim for benefits is discretionary and, therefore, is not a final decision reviewable under 42 U.S.C. § 405(g)." *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (citation omitted).

Here, Plaintiff's 2003 application never moved through the administrative exhaustion process. There is no final decision on the original denial of benefits. And then Plaintiff requested in his 2016 application that the agency reopen his earlier case and award benefits retroactively to 2002. Doc. 17-1 at 43. Although the ALJ awarded benefits,[1] he declined to reach back to 2002. Implicitly, at least, the ALJ refused to reopen Plaintiff's earlier applications.[2] A refusal to reopen a prior decision, however, is not a final decision. *Brown*, 912 F.2d at 1196. This Court therefore lacks jurisdiction to review it. Plaintiff may not use the 2016 application for benefits to circumvent the 2003 case's exhaustion requirement. *Id.*

Plaintiff argues that an exception to the judicial review rule applies here: the "colorable constitutional claim" exception. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1997); *Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1991). This exception is limited; to be used in rare instances. *See Califano*, 430 U.S. at 109; *Kiiker v. Astrue*, 364 F. App'x 408, 409 (10th Cir. 2010). It also requires more than mere constitutional language. Rather, plaintiffs seeking to invoke the exception must provide support for the claims. *See Gentry v. Shalala*, 1995 WL 228238, at *2 n.2 (10th Cir. 1995).

Plaintiff argues that he has a colorable constitutional claim for deprivation of due process and the right to counsel. More specifically, Plaintiff's proposed amended complaint alleges that the agency violated his due process rights because it "did not adequately, properly, and explicitly notify the [Plaintiff], an apparent mentally-disabled and mentally-incompetent person, of the decisions against him and his appeal rights so he could effectively understand them and exercise his rights to appeal, review and hearing." Doc. 24-1 at 5-6. He further alleges, "The SSA clerk did

---

[1] Both cover letters refer to the decisions as "fully favorable." Doc. 17-1 at 45, 60.

[2] The written decisions themselves do not address Plaintiff's request for benefits back to 2002. Doc. 17-1 at 49 ("The claimant is alleging disability since March 15, 2010."), 64 (same).

not tell [Plaintiff or his mother] that [Plaintiff] was entitled to representation by an Attorney on a contingency fee or no-up-front-fee basis. The clerk did not tell [Plaintiff or his mother] that [Plaintiff] could be represented by a Qualified or Trained Representative, with specialized knowledge of SSA rules, benefits and procedures." *Id.* at 3.

Neither of these allegations forms a colorable constitutional claim. The first allegation of due process deprivation fails because Plaintiff had someone legally responsible for pursuing his claim—his mother. *See* SSR 91-5p, 1991 WL 208067, at *2 ("When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review." (emphasis added)). Plaintiff's request to reopen the 2003 case is essentially an implied request for an extension of time to seek review of the denial of benefits. Diminished capacity may represent good cause for seeking review in an untimely manner, but only if the claimant lacked a legal representative. SSR 91-5p, 1991 WL 208067, at *2; *see Silva v. Colvin*, 2014 WL 145280, at *2 (D. Colo. 2014), *aff'd*, 580 F. App'x 678 (10th Cir. 2014) ("[E]ven if she had properly petitioned the Commissioner for an extension of time and proved that her mental incapacity prevented her from timely requesting review, she cannot meet the second requirement—that she had no one legally responsible for prosecuting the claim at the time of the prior administrative action."). Plaintiff did have a legal representative, which makes his own mental capacity insufficient to trigger the good cause inquiry.

Plaintiff's allegation that he was not informed that he had a right to counsel or another trained representative also fails. First, there is no constitutional right to counsel in social security proceedings.[3] *Allen v. Berryhill*, 687 F. App'x 723, 729 (10th Cir. 2007) (citing 20 C.F.R. § 416.1505(a)-(b)). And second, the agency did inform Plaintiff and his mother that he had a (statutory) right to an attorney. In the denial letters addressed to Plaintiff's mother, the agency stated, "You can have a friend, lawyer or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify." Doc. 17-1 at 7. By statute, the agency is required to notify claimants "of the options for obtaining attorneys" when it makes an adverse determination. 42 U.S.C. § 1383(d)(2)(D). Plaintiff's notice complied with this statutory mandate.

The two cases that Plaintiff relies on for support are non-binding and distinguishable. *See Collado v. Astrue*, 2009 WL 2778664 (S.D.N.Y. 2009); *Meroki v. Astrue*, 2001 WL 668951 (N.D. Ill. 2001). The claimants in both cases sought judicial review of a final decision. *Collado*, 2009 WL 2778664, at *4, *10; *Meroki*, 2001 WL 668951, at *1, *6. As noted above, here Plaintiff does not seek review of a final decision. And the only way for Plaintiff get review of a non-final decision is to show a colorable <u>constitutional</u> claim. Both *Collado* and *Meroki* were considering the <u>statutory</u> and <u>regulatory</u> rights to representation—not the <u>constitutional</u> right. 2009 WL 2778664, at *11; 2001 WL 668951, at *5. And they were both considering situations in which the claimant had applied for benefits and was participating in a hearing before the ALJ. 2009 WL 2778664, at *11; 2001 WL 668951, at *6. Here, Plaintiff never made it past the initial application. Neither case

---

[3] In Plaintiff's actual proposed amended complaint, plaintiff does not specify whether this is an assertion of a constitutional right to counsel or another assertion of his due process rights. In his briefs, however, he refers to it as another due process claim. The label is inconsequential here. Either way, Plaintiff has failed to state a colorable constitutional claim.

establishes that it is a constitutional violation to fail to notify a claimant of a statutory right to an attorney <u>before</u> the claimant applies for benefits.

In Plaintiff's reply to his motion to amend, he attempts to avoid the futility arguments by framing his amendment as an addition of claims that the ALJ failed to consider evidence relating to Plaintiff's injuries in 2002. In other words, Plaintiff is attempting to "backdoor" in his stale claims by arguing that the ALJ committed reversible error in the 2016 case by failing to consider evidence related to the 2003 case. But this is an improper attempt to circumvent the rules governing whether a case may be reopened. Allowing this strategy would undermine the government's sovereign immunity.

For these reasons, the Court determines that Plaintiff's proposed amendment is futile. The extra details Plaintiff adds to his proposed amended complaint do not alter the facts that (1) he did not administratively exhaust his 2003 claims; (2) he asked the ALJ in 2016 for benefits retroactive to 2002 (in other words, to reopen the stale claims); (3) he made constitutional arguments to the ALJ; (4) the ALJ granted benefits, but only back to 2010—implicitly denying any request to reopen the 2003 case; (5) Plaintiff has not stated a colorable constitutional claim; and (6) without a colorable constitutional claim, this Court lacks jurisdiction over the ALJ's failure to reopen the case or give Plaintiff additional time to administratively exhaust it. The Court denies Plaintiff's motion to amend.

### B.     Motion to Dismiss

Applying Defendant's motion to dismiss to the original complaint does not change the futility analysis above.[4] Plaintiff's original complaint differs from his proposed amended

---

[4] Plaintiff contends that the Court must convert the motion to dismiss to a motion for summary judgment because of the attachments that Defendant included with his motion. As explained in the legal standards section above, conversion is improper because Defendant has challenged the jurisdiction of the Court based on facts beyond the complaint. The Court has considered the affidavit and attachments connected to Defendant's motion to dismiss.

complaint only in level of detail and explanation of Plaintiff's "right to counsel" claim. Plaintiff's original complaint still does not allege a final decision or a colorable constitutional claim. For the reasons stated in the futility analysis, the Court grants Defendant's motion to dismiss for lack of jurisdiction.

## IV.     CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's motion to amend (Doc. 24) is DENIED.

IT IS FURTHERED ORDERED that Defendant's motion to dismiss (Doc. 16) is GRANTED. The case is closed.

IT IS SO ORDERED.

Dated: July 6, 2020                              /s/  *Holly L. Teeter*
                                                 HOLLY L. TEETER
                                                 UNITED STATES DISTRICT JUDGE